IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shawn Christian Wright, ) | Civil Action No.: 4:13-1447-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Dollar General Store #4722/Dolgencorp, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

      Before this court is Plaintiff Shawn Christian Wright's ("Plaintiff") Motion to Remand (ECF No. 10) asking this court to remand this case to the Court of Common Pleas for Chesterfield County, South Carolina. The court held a hearing on this matter on November 7, 2013, and counsel for both parties presented arguments regarding the motion and briefings before the court. (ECF No. 26.) For the reasons set forth below, the court denies the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiff filed this action in the Court of Common Pleas for Chesterfield County, South Carolina on May 11, 2012, naming Dollar General Store #4772/DOLGENCORP, LLC as the defendant. The complaint makes claims for declaratory relief, unpaid overtime compensation, liquidated damages, other relief, and for violation of the South Carolina Payment of Wages Act. (ECF No. 1-5.) The first cause of action makes reference to Plaintiff's entitlement to back wages for overtime work pursuant to the laws of the State of South Carolina and the second cause of action specifically alleges a violation of the South Carolina Payment of Wages Act based on Defendant's alleged failure to pay Plaintiff "wages" as defined by the Act. (ECF No. 1-5 at 4-6.)

      Defendant DolgenCorp LLC (hereinafter "Defendant") filed a motion to dismiss for failure to state a claim in state court, specifically arguing that Plaintiff's asserted causes of action were

unsupported by South Carolina law. Defendant noted that the relief Plaintiff sought would only be supported by federal law claims which were not raised in the complaint. The state court denied Defendant's motion to dismiss, finding that Plaintiff's claims go beyond a mere overtime payment claim and are cognizable in state court. After the state court's order of April 29, 2013, Defendant alleges that the parties engaged in correspondence seeking to clarify the nature of Plaintiff's claims. Defendant claims that this correspondence constitutes the sort of "other paper" from which it was first ascertained that the case was removable on the basis of federal question jurisdiction (Fair Labor Standards Act claim). This action was removed to this court on May 29, 2013. (ECF No. 1.)

Plaintiff moved to remand this case back to state court on June 24, 2013. (ECF No. 10.) Plaintiff claims that Defendant wrongly removed the case to federal court and that removal is defective and late. More specifically, Plaintiff argues that Defendant ignored the "clues" in Plaintiff's complaint that supported removal, and chose instead to file a motion to dismiss in state court. Thus, Plaintiff argues that Defendant also failed to meet the burden of establishing that removal was triggered based on an amended pleading, motion, order or other paper. Plaintiff also argues that he is the "master of the claim" and can therefore avoid federal jurisdiction based on exclusive reliance on state law. Plaintiff moves for attorney's fees and costs for unwarranted removal.

Defendant maintains that no federal claim was asserted on the face of Plaintiff's complaint, Accordingly, Defendant argues that it was not able to remove this action until it was brought under the court's jurisdiction by Plaintiff's correspondence articulating his intent to prosecute a federal claim—an email from Plaintiff's counsel dated May 17, 2013 referencing the existence of "intertwined Fed/state labor issues." (ECF No. 16.) Defendant further argues that Plaintiff

intentionally limited his claims by relying exclusively on state law. Plaintiff filed a reply in support of the motion to remand reiterating that it was his prerogative to plead his claims to avoid the jurisdiction of the federal courts. (ECF No. 17.)

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction" and the presumption is that a cause of action lies outside of this limited jurisdiction. *See Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 583-584 (4th Cir. 2012). Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Here, Defendant asserts that the federal court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A state court action may be removed by a defendant to federal district court only if the state court action could have been originally filed in federal district court. *See* 28 U.S.C. § 1441.

Specifically, a defendant may remove a case to federal court if: 1) the parties are diverse and the statutory requirements for diversity jurisdiction are met; 2) the face of the complaint raises a federal question; or 3) on the basis of a narrow exception to the well-pleaded complaint rule known as the "complete preemption doctrine." *See Lontz v. Tharp*, 413 F.3d 435, 439-440 (4th Cir. 2005). A defendant who has removed an action to federal court has the burden of establishing subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Generally, the presence of federal question jurisdiction is determined by the well-pleaded

complaint rule which requires, for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331, that a federal question be presented on the face of the plaintiff's properly pleaded complaint and without consideration of any potential defenses. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *Harless v. CSX Hotels, Inc.*, 389 F.3d 444 (4th Cir.2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)); *see also King v. Marriott Int'l, Inc.*, 337 F.3d 421 (4th Cir.2003). The district court will look to the plaintiff's state court pleading to determine whether there was a proper ground for removal. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). "[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Id.* To satisfy the "arises under" test, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully*, 299 U.S. at 112. A federal controversy "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id.* at 113. The plaintiff is the master of the complaint and may avoid federal jurisdiction by relying exclusively upon state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A defendant seeking to remove must file a notice of removal "within 30 days after the receipt by the defendant" of the complaint. 28 U.S.C. § 1446(b)(1). Receipt of an initial pleading only starts the thirty-day period where the initial pleading reveals a grounds for removal. *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). Where such details that would make a case removable are "obscured, omitted, or indeed misstated," that circumstance makes the case not removable as stated by the initial pleading and the thirty-day period begins to run when a defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3);

*Lovern*, 121 F.3d at 162.

## DISCUSSION

The court has carefully reviewed the pleadings in this matter. Although Plaintiff's complaint is not a model of clarity, at oral argument on the motion, Plaintiff's attorney clarified that Plaintiff intended to assert a federal cause of action under the Fair Labor Standards Act. Despite these intentions, such claims are simply not presented on the face of the complaint.

To the extent Plaintiff's argument and representations in court were intended as an oral motion to amend the complaint, the court construes them as such and the motion to amend is granted. However, because Plaintiff has not yet affirmatively and voluntarily filed an amended complaint in this court in support of his stated intention, the court finds it prudent to evaluate the removability of this matter on the basis of Defendant's "other paper" argument based on 28 U.S.C. §1446(b)(3).

The court finds that in this instance, Plaintiff's counsel's emails indicating "intertwined" state and federal labor issues and a further intent not to limit Plaintiff's claims despite the threat of removal, constitutes the sort of "other paper" contemplated by the statute. (ECF Nos. 1-3 & 1-4); *Yarnevic v. Brink's Inc.,* 102 F.3d 753, 755 (4th Cir. 1996) ("We do not think § 1446(b) requires that the 'motion, order or other paper' be part of the state court record…[t]he 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'"). The receipt of the emails triggered the right to remove— Defendant then timely removed based on the time frame set forth in 28 U.S.C. §1446(b). It appears that Plaintiff attempted to defeat removal by Defendant by intentionally failing to plead certain necessary federal questions in his complaint. But in determining when a defendant has

notice of grounds for removal, the court must "rely on the face of the initial pleading and the documents exchanged in the case by the parties." *Lovern*, 121 F.3d at162. This court is not required to "inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." *Id.* Instead the court is to consider whether the grounds for removal were "apparent within the four corners of the initial pleading or subsequent paper." *Id.* Thus, despite Plaintiff's efforts to draft the complaint to thwart removal, federal jurisdiction has been invoked and Defendant removed this case at the point it was first able to ascertain that the case was removable. *See Franchise Tax Bd.*, 463 U.S. 1, 9-10 (1983); *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n.2 (1981) ("courts 'will not permit plaintiff to use artful pleadings to close off defendant's rights to a federal forum . . . .'").

Further, the Fourth Circuit's reasoning in *Moffitt v. Residential Funding Co., LLC*, 604 F.3d 156 (4th Cir. 2010) is also persuasive and applicable based on the circumstances presented in this case. Concerns of judicial economy are certainly implicated here—"requiring pointless movement between state and federal court before a case is tried on the merits can likewise impose significant costs on both courts and litigants." *Moffitt*, 604 F.3d at 160. It would be a waste of judicial resources to remand this case only for Defendant to promptly file renewed notices of removal once the case lands back in state court and Plaintiff amends his complaint to assert the federal cause of action he does not intend to abandon. *Id.* This is the type of case that would likely end up in federal court and this court declines to engage in the "pointless exercise" of bouncing this case back and forth between the courts in favor of allowing this case to go forward in this federal forum where jurisdiction is proper. *Id.*

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 10) is denied. Plaintiff is granted leave to amend his complaint to state any intended federal causes of action as indicated by counsel in oral arguments before this court.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

February 7, 2014
Florence, South Carolina